UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HARVEY BURTON, | § | |
|    *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-09-3906 |
| | § | |
| MICHAEL J. ASTRUE, | § | |
|   Commissioner of Social Security | § | |
|    *Defendant.* | § | |

## ORDER

Plaintiff Harvey Burton seeks review of the denial of his request for Supplemental Security Income under Title XVI of the Social Security Act.[1] The court denies Burton's motion for summary judgment (Dkt. 15), grants defendant Michael J. Astrue's motion for dismissal with prejudice (Dkt. 18), and affirms the Commissioner's decision.

## Background

Burton filed on September 5, 2006 an application for Supplemental Security Income benefits under the Social Security Act, alleging he was disabled and unable to work since December 1, 2003 due to depression.[2] After his application and request for reconsideration were denied, an administrative law judge conducted a hearing on March 10, 2008. The ALJ held in a May 22, 2008 decision that Burton was not disabled within the meaning of the Social Security Act. The Appeals Council denied Burton's request for

---

[1]     The parties have consented to the jurisdiction of this Magistrate Judge (Dkt. 9, 11).
[2]     The Administrative Law Judge's (ALJ) decision only discusses Burton's application and denial for Supplemental Security Income (SSI). Burton failed to pursue his Disability Insurance Benefits (DIB) claim after his initial denial.

review, making the ALJ's determination the final decision of the Commissioner. Burton now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

## Analysis

A. <u>Standard of Review</u>

Section 405(g) of the Social Security Act sets forth the standard of review in this case. The federal courts review the decision of the Commissioner to deny Social Security benefits to determine whether (1) the Commissioner applied the proper legal standard, and (2) the Commissioner's decision is supported by substantial evidence. *Waters v. Barnhart,* 276 F.3d 716, 718 (5th Cir. 2002). Substantial evidence is "more than a scintilla and less than preponderance." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). The court does not reweigh the evidence, try the questions *de novo*, or substitute its own judgment for that of the Commissioner. *Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002). "Conflicts in the evidence are for the [Commissioner] and not the courts to resolve." *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).

In order to qualify for disability benefits, a claimant must prove he has a disability, which is defined under the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Masterson*, 309 F.3d at 271. The administrative law judge must follow a five-step sequential analysis to

determine whether a claimant is in fact disabled:

1. Is the claimant currently engaged in substantial gainful activity, *i.e.*, working? If the answer is yes, the inquiry ends and the claimant is not disabled.

2. Does the claimant have a severe impairment? If the answer is yes, the inquiry proceeds to question 3.

3. Does the severe impairment equal one of the listings in the regulation known as Appendix 1? If so, the claimant is disabled. If not, then the inquiry proceeds to question 4.

4. Can the claimant still perform his past relevant work? If so, he is not disabled. If not, then the agency must assess the claimant's residual functional capacity (RFC).

5. Considering the claimant's RFC, age, education, and work experience, is there other work he can do? If so, the claimant is not disabled.

*Waters*, 276 F.3d at 718. At step five, the burden shifts to the Commissioner to show that employment for the claimant exists in the national economy. *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991).

B. **Challenges to the ALJ's Decision**

Burton was 50 years old at the time of his hearing. He has an eleventh grade education and previously worked as a delivery driver. (Dkt. 7-3 at 19). The ALJ determined that Burton suffers from depression and substance abuse,[3] and that those impairments are severe. (Dkt. 7-3 at 11). The ALJ also found that Burton's impairments medically equal Listing 12.04 of the applicable regulations. (Dkt. 7-3 at 11). However,

---

[3] The term substance abuse refers to an overindulgence in and dependence on a stimulant, depressant, or other chemical substance, leading to effects that are detrimental to the individual's physical or mental health, or the welfare of others. *Mosby's Medical, Nursing, & Allied Health Dictionary* 1559 (5th ed. 1998).

because Burton has a history of substance abuse, the ALJ also concluded that was a contributing factor material to the determination of his disability. (Dkt. 7-3 at 15). The ALJ determined that Burton would not be disabled if he stopped using drugs and alcohol, and that he retained the RFC to perform a full range of work at all levels of exertion. (Dkt. 7-3 at 13).

Burton argues that the ALJ erred by: (1) improperly evaluating his drug and alcohol use; (2) failing to find that his mental impairment meets the requirements of a listed impairment; (3) incorrectly determining his RFC; and (4) making an improper step four finding. (Dkt. 15-1 at 1).

1.  **Evaluation of Drug and Alcohol Use**

Burton argues that the ALJ did not properly analyze his drug and alcohol use, and did not cite any medical expert or treating physician's opinion to substantiate his finding. (Dkt. 15-1 at 4). Burton asserts that substance abuse is not a contributing factor material to the determination of his disability. (Dkt. 15-1 at 6).

In determining whether a claimant's drug or alcohol abuse is a material contributing factor to disability, an ALJ follows a two-step analysis. 20 C.F.R. § 416.935. First, the ALJ must determine whether the claimant is disabled while abusing drugs or alcohol, and if he is, which of his physical or mental limitations would remain if he stopped using these substances. C.F.R. § 416.935(b)(2). Then, the ALJ must decide whether any or all remaining limitations render the claimant disabled. If the ALJ determines that the claimant's remaining limitations, absent substance abuse, would not

be disabling, the ALJ will find that the drug or alcohol abuse is a contributing factor material to the determination of disability, and thus, that the individual is not disabled. *Id.* at § 416.935(b)(i).

In this case, the ALJ based his findings on medical evidence provided by Burton's own medical records and from the State's Disability Determination Services. (Dkt. 7-8 at 156-212). The earliest medical records for Burton were received from the Harris County Jail where he was incarcerated for domestic abuse. Those records mention no signs of mental impairment. (Dkt. 7-8 at 156-162). Later, medical records from the Harris County Hospital District's Psychiatric Clinic indicate that Burton began receiving treatment for depression in February 2006. (Dkt. 7-8 at 167).

On November 9, 2006, consulting psychiatrist Dr. Barbara Moore, M.D., conducted a clinical interview of Burton as part of a mental status examination for disability. (Dkt. 7-8 at 182). Dr. Moore noted that Burton discontinued his medications for six months when he was again incarcerated for domestic abuse but resumed them upon his release from jail. (Dkt. 7-8 at 182). Burton denied any illicit drug use despite having a history of selling crack cocaine, but admitted to having a significant alcohol dependence history that spanned at least 20 years. (Dkt. 7-8 at 184). Burton stated to Dr. Moore that he drank at least nine beers a day until November 2005. He claimed his alcohol dependence was in remission. (Dkt. 7-8 at 186). Dr. Moore concluded that when Burton did not abuse substances, he was capable of caring for his personal needs and maintaining an active social life. (Dkt. 7-8 at 183). Dr. Moore noted that when Burton did not abuse drugs or

5

alcohol, his thought processes were logical and goal directed, and opined that his prognosis was good if he continued to take his medications. (Dkt. 7-8 at 184, 186).

On December 14, 2006, consulting psychologist Dr. John Ferguson, PhD, reviewed all of the available records and determined that the medical evidence was insufficient to establish a diagnosis of major depression. (Dkt. 7-4 at 43, 7-8 at 208). Five months later, medical expert Dr. Susan Thompson, M.D., came to the same conclusion. (Dkt. 7-4 at 45, 7-8 at 214).

The Fifth Circuit has held that the claimant bears the burden of proving that drug or alcohol addiction is not a contributing factor material to his disability. *Brown v. Apfel*, 192 F.3d 492, 498 (5th Cir. 1999). Burton has failed to produce any new medical evidence to support his assertion that he is mentally impaired absent substance abuse, and has not met his burden. Thus, the ALJ did not err in his evaluation of Burton's drug and alcohol abuse.

2. <u>Requirements of Listed Impairments</u>

Burton asserts that the ALJ's step three finding is erroneous, as his mental impairment meets or equals the requirements of Listings 12.03, which pertains to schizophrenic, paranoid and other psychotic disorders, and 12.04, which pertains to affective disorders. (Dkt. 15-1 at 6-7).

A finding of disability can be made on medical grounds alone only when a claimant's condition meets or equals the requirements of a section in the Listing of Impairments. 20 C.F.R. Pt. 404, subpt. P, App. 1. The listings describe various physical

and mental illnesses and abnormalities. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). Each impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results. For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify. The claimant must provide medical findings that support each of the criteria for an equivalent impairment determination. *Selders v. Sullivan*, 914 F.2d 614,619 (5th Cir. 1990). In this case, the medical evidence does not support a finding that Burton met or equaled any listed impairment. The ALJ specifically found that when Burton took medications for his depression, and abstained from drugs and alcohol, his symptoms markedly improved. (Dkt. 7-3 at 12). He interacted with family and friends, took care of his personal needs, and could do work around the house. (Dkt. 7-3 at 14).

Consulting psychologist Dr. John Ferguson also concluded that Burton did not meet the requirements of these Listings because he experienced only mild restrictions in his activities of daily living, as well as only moderate difficulties maintaining social functioning. (Dkt. 7-8 at 206). State agency medical and psychological consultants are highly qualified physicians and psychologists who are experts in the evaluation of the medical issues in disability claims under the Act. 20 C.F.R. § 416.927(f)(2)(I).

The medical evidence supports a finding that, absent drug and alcohol abuse, Burton does not meet all of the specified medical criteria of Listings 12.03 and 12.04. An impairment that manifests only some of the criteria, no matter how severely, does not

satisfy a listing. *Zebley*, 493 U.S. at 530. A claimant whose impairment fails to meet the stated criteria by even a slight margin fails to establish that a listing is met. Thus, the ALJ did not err in his finding that Burton did not meet the requirements of Listed Impairments 12.03 and 12.04.

### 3. Residual Functional Capacity

Burton contends that the ALJ improperly determined that he had the RFC to perform a full range of work at all levels of exertion. Burton maintains that his depression causes functional limitations that the ALJ did not include in his RFC finding. (Dkt. 15-1 at 9).

Residual functional capacity represents an individual's remaining ability to perform particular activities despite the limitations imposed by an individual's impairment. 20 C.F.R. § 404.1545. During hearings, the responsibility for making this determination rests with the ALJ. *Id*. at § 404.1546. Consulting psychologist Dr. John Ferguson found, absent substance abuse, Burton did not meet a Listing and had only mild restrictions in his activities of daily living, as well as moderate difficulties maintaining social functioning. (Dkt. 7-8 at 206). Moreover, Dr. Ferguson concluded Burton can understand, remember, and carry out detailed but not complex instructions; make decisions and maintain attention and concentration for extended periods; accept instructions; and respond appropriately to a routine work setting. (Dkt. 7-8 at 212). The ALJ noted that he translated all of these factors into his RFC finding. (Dkt. 7-3 at 14).

Consulting psychiatrist Dr. Barbara Moore concluded that when Burton was not

abusing drugs or alcohol, his thought processes were logical, and she judged him to be capable of working. (Dkt. 7-8 at 184). An opinion of a consultative examiner may constitute substantial evidence in support of the ALJ's decision that a claimant did not meet the requirements for disability benefits. *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987). Dr. Moore also noted that when Burton was not abusing substances, he traveled by public transportation, fed his dog, prepared his meals, went out with his girlfriend, handled his finances, did his laundry, and was able to handle a job as a delivery driver. (Dkt. 7-8 at 183). The Fifth Circuit has held that an ALJ may consider evidence of participation in daily activities and household chores in conjunction with other evidence when determining disability. *Reyes v. Sullivan*, 915 F.2d 151, 154 (5th Cir. 1990).

Burton argues that the ALJ erred because he made no mention of his hearing impairment, but it is only mentioned twice in the medical record, and the notations from his treating physician simply state "hearing loss, unspecified." (Dkt. 7-9 at 246). There are no laboratory tests or examinations to support a severe hearing loss. Moreover, Burton did not quit working due to a hearing problem or allege disability because of it. Furthermore, no treating or examining physician placed any limitations on Burton due to his alleged hearing loss. Such evidence demonstrates that Burton's hearing loss was not significant and would not have changed the outcome of the ALJ's decision. *Bedford v. Astrue*, 236 Fed. Appx. 957, 962 (5th Cir. 2007).

Burton also argues that the ALJ should have considered the side effects of his

medications, which include dry mouth, nausea, and drowsiness. The ALJ must take into account the effects of medication on a claimant's ability to perform work tasks. *See Loza v. Apfel,* 219 F.3d 378, 396-97 (5th Cir. 2000). Sources used to establish whether a claimant has a medical impairment should include evidence from acceptable medical sources. *See* 20 C.F.R. § 404.1513; 20. C.F.R. § 416.913; *Houston v. Sullivan*, 895 F.2d 1012, 1016 (5th Cir. 1989). The medical evidence provided does not show that Burton was suffering from any of his medications' potential side-effects or how serious the effects were. Further, the medical evidence, as well as his activities, do not show that side effects cause him any limitations. In fact, no treating or examining physician ever stated that Burton cannot work or placed any limitations on him due to these side effects. And, Burton reported that these side effects had subsided when he visited the Harris County Hospital District's Psychiatric Clinic on December 1, 2006. (Dkt. 7-8 at 193). Such evidence demonstrates that Burton's side effects are not significant. Thus, the ALJ did not err in his determination of Burton's RFC.

4. **Step Four Finding**

Burton claims that the ALJ's step four finding that he can perform his past relevant work as a delivery driver is flawed because the ALJ failed to determine whether he could hold a job for a significant amount of time. (Dkt. 15-1 at 10). But, the Fifth Circuit does not require an ALJ to separately address the issue of whether a claimant can maintain employment for a significant period of time. *Frank v. Barnhart*, 326 F.3d 618 (5th Cir. 2003).

Also, the ALJ noted that Burton previously worked for five years and only stopped because he went to jail for domestic abuse, not because of any alleged disabilities. (Dkt. 7-3 at 14). Further, RFC measures the claimant's capacity to perform work on a regular and continuing basis. *Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003). Therefore, the RFC already factors in Burton's ability to maintain employment. Thus, the ALJ did not make an improper step four finding.

## Conclusion

Burton has failed to show that the ALJ's decision contains an error of law or is not supported by substantial evidence. The court orders that Burton's motion for summary judgment be denied, defendant's motion be granted, and the decision of the Commission be affirmed.

Signed at Houston, Texas on August 10, 2010.

Stephen Wm Smith
United States Magistrate Judge